2016-1638 (La. 11/18/16)

**STATE of Louisiana**

v.

**Kevin SCEAU**

**NO. 2016–KK–1638**

Supreme Court of Louisiana.

11/18/2016

PER CURIAM

Writ granted in part, denied in part.

Because the defense has not complied with the requirements of La. R.S. 13:3715.1 and La. C.E. art. 510 to give notice to the patient, we find no error in the appellate court's quashing of the defendant's requested subpoenas for medical records "until such time as a proper contradictory hearing is held and the district court makes a finding that the release of the requested information is proper or with the consent of the patient." **State v. Sceau,** 16–0841 (La.App. 4 Cir., 8/19/16) (unpub'd writ action).

However, the appellate court erred in remanding "for a determination of proper attorney's fees and proper sanctions, if any are due, under [La. R.S.] 13:3715.1(K) and La. C.E. art. 510." *Id.* In the municipal court, the state never requested attorney fees and sanctions against defense counsel. The scope of the appellate court's supervisory review did not properly extend to the issue of attorney fees and sanctions, an issue that had never been raised in the municipal court. See Rule 1–3, Uniform Rules—Courts of Appeal ("The Courts of Appeal will review only issues which were submitted to the trial court . . . .").

This matter is remanded to the municipal court for further proceedings consistent with this ruling.

HUGHES, J., additionally concurs with reasons.

Hughes, J., additionally concurs with reasons.

I concur with the court's action. The statute at issue includes criminal proceedings. However, the defendant has a constitutional right to a defense. If the whereabouts of the victim are unknown to the defendant and not provided to him timely by the state, I would deem notice to the state sufficient. It is, after all, the party which opposed the original non-compliant subpoena. If the victim's injuries are pre-existing, the defendant has a right to find out before trial.